JUDGE COTE

'08 CIV 6387

**DeOrchis & Partners, LLP**
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GLOBAL TRANSPORTE OCEANICO,

                        Plaintiff,        08 Civ.    ( )

   - against -                                       **VERIFIED COMPLAINT
                                                           AND RULE B ATTACHMENT**

BRYGGEN SHIPPING and TRADING A/S,

                        Defendant.
------------------------------------------------------------X

     Plaintiff GLOBAL TRANSPORTE OCEANICO, ("Global"), by its attorneys, DeOrchis & Partners, LLP., as and for its Verified Complaint against Defendant BRYGGEN SHIPPING and TRADING A/S, ("Bryggen"), alleges upon information and belief, as follows:

     1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333. Jurisdiction is also proper pursuant to the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.

     2.    Venue is proper under 28 U.S.C. §§ 1391 (d) because Defendant Bryggen is an alien.

     3.    At and during all times hereinafter mentioned, Plaintiff Global was, and still is, a corporation organized and existing under and by virtue of the laws of Brazil, with a principal place of business located at Rua Sao Bento 8, 12th floor, Rio De Janeiro, Brazil. Global, at all

times hereinafter mentioned, was engaged in the business of owning, chartering and/or operating vessels for profit in world wide trade.

4. Upon information and belief, Defendant Bryggen is a corporation or other business entity incorporated under the laws of Norway or some other foreign country, with an office and place of business located at Gullskoggarden, 5003 Bergen, Norway. Bryggen, at all times hereinafter mentioned, was engaged in the business of vessel owning, chartering and/or operating vessels for profit in world wide trade.

5. On or about December 29, 2004, Global, as charterer and Bryggen, as owners, entered into a bareboat charter party contract for the vessel GLOBAL BAHIA, for an agreed upon charter hire.

6. The vessel GLOBAL BAHIA was redelivered by Global to Bryggen on May 20, 2008. Bryggen refused to accept redelivery of the vessel, claiming that certain conditions precedent to redelivery have not been fulfilled.

7. Pursuant to the bareboat charter party contract, Bryggen was obligated to compensate Global for bunker fuel, lubricating oil that remained on board the vessel when it was redelivered by Global and which were consumed after the vessel was redelivered.

8. By debit note dated June 9, 2008, Global demanded payment for the bunker fuel and lubricants that remained on board the vessel at redelivery and that was consumed after redelivery in the amount of US$204,377.11. Global's June 9, 2008 debit note was payable upon receipt by Bryggen. Bryggen has not paid any portion of the June 9, 2008 debit note.

9. Pursuant to the bareboat charter party contract, Bryggen was obligated to pay for all engine, electrical and other stores on board the vessel GLOBAL BAHIA upon her redelivery to Bryggen.

10. By debit note dated June 18, 2008, Global demanded payment for the engine stores, electrical stores and other stores that remained on board the vessel at redelivery in the amount of US$76,234.99. Global's June 18, 2008 debit note was payable upon receipt by Bryggen. Bryggen has not paid any portion of the June 9, 2008 debit note.

11. As a result of Bryggen's unjustified and wrongful refusal to accept redelivery of the GLOBAL BAHIA, Global has incurred crewing, insurance and other expenses in relation to the maintenance of the GLOBAL BAHIA after the redelivery date.

12. By debit note dated June 27, 2008, Global demanded payment for crewing, insurance and other expenses incurred as a result of Bryggen's unjustified refusal to accept redelivery of the GLOBAL BAHIA in the amount of US$227,997.59. Global's debit note was payable upon receipt by Bryggen. Bryggen has not paid any portion of the June 27, 2008 debit note.

13. The bareboat charter party contract entered into between Global and Bryggen contained an arbitration clause providing that all disputes between the parties are to be referred to arbitration in London, before a panel of three arbitrators, and shall be determined under English law and shall be conducted pursuant to the rules of the London Maritime Arbitration Association. The parties have commenced London arbitration.

14. Under English law and under the rules of the London Maritime Arbitration Association, the prevailing party to an arbitration is entitled to recover its costs and attorney

fees incurred in connection with that arbitration as well as interest on the award. Global anticipates that its legal costs and expenses associated with the London arbitration will be in the region of US$300,000.00.

15.     The action herein is submitted in accordance with Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and the Federal Arbitration Act, 9 U.S.C. § 8 and is therefore in no way a waiver of the bareboat charter party contract's arbitratio n provision.

16.     Upon information and belief it will take two years to fully arbitrate Global's claims in London arbitration and therefore Global's total claim amounts to:

| | |
|---|---|
| June 9, 2008 Debit Note: | US$204,377.11 |
| June 15, 2008 Debit Note: | US$ 76,234.99 |
| June 27, 2008 Debit Note: | US$227,997.59 |
| **Subtotal:** | **US$508,609.69** |
| Interest: | US$ 66,119.26 [508,609.69 X 6.5% X 2 yrs.] |
| Attorney fees and Costs: | **US$300,000.00** |
| Total: | **US$874,728.95** |

17.     After due investigation, Bryggen cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Bryggen now has or will have during the pendency of this action, assets, comprising *inter alia,* cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Bryggen ("asse ts"), including but not

limited to assets at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein, within this District and subject to the jurisdiction of this Court including, but not limited to, ABN Amro, American Express Bank, Atlantic Bank of New York, Bank of America, Bank of China, Barclay's Bank, BNP Paribas, Citibank, Deutsche Bank Trust Co., DNB Nor Bank ASA, HSBC Bank NA, JP Morgan Chase Bank, The Bank of New York, Standard Chartered Bank, Societe Generale and/or Wachovia Bank, which are believed to be due and owing to Bryggen.

18. Global seeks an Order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching any assets of Bryggen held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over Bryggen and to secure and/or satisfy Global's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against Bryggen, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the defendant Bryggen cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property in whatever form, including but not limited to cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Bryggen, ("assets"), including but not limited to assets at, being transferred through, or being

transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein, including, but not limited to, which are believed to be due and owing to Bryggen in the amount of US$874,728.95 to satisfy and/or secure Global's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B to answer the matters alleged in the Complaint;

C. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E. That Global has such other, further and different relief as the Court may deem just and proper.

Dated: New York, New York
July 15, 2008

DEORCHIS & PARTNERS, LLP
Attorneys for Plaintiff

By: _____
John A. Orzel (JO-2420)
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

## VERIFICATION

John A. Orzel declares and states that he is a partner in the law firm of DeOrchis & Partners, LLP, attorneys for plaintiff in this action, and that the foregoing Verified Complaint is true to the best of his information and belief; that the ground of his belief as to all matters not stated upon knowledge is information furnished to him to by plaintiff and; that the reason why the Verification is not made by plaintiff is that plaintiff is a corporation none of whose officers or directors are present within the District.

I declare and state under penalty of perjury that the foregoing is true and correct.

Executed on July 15th 2008

John A. Orzel