UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
GLOBAL TRANSPORTE OCEANICO,               :
                       Plaintiff,         :
                                          :          08 Civ. 6387 (DLC)
            -v-                           :
                                          :          MEMORANDUM OPINION
BRYGGEN SHIPPING AND TRADING A/S,         :                AND ORDER
                       Defendant.         :
                                          :
------------------------------------------X

DENISE COTE, District Judge:

     Plaintiff Global Transporte Oceanico ("Global") filed this

admiralty action on July 16, 2008, to obtain a Maritime

Attachment under Rule B of the Supplemental Admiralty Rules of

the Federal Rules of Civil Procedure.  On the same day, such an

attachment was authorized by the Court in the amount of

$874,728.95, the full amount requested by the plaintiff.

According to the submissions of the parties, after the plaintiff

successfully restrained $189,448.37 of the defendant's assets,

the defendant agreed to issue a letter of guarantee in the full

amount of the Maritime Attachment.

     Defendant Bryggen Shipping and Trading A/S ("Bryggen")

filed an answer containing a counterclaim on July 31, 2008,

seeking $1,125,493.23 in damages from plaintiff.  The

counterclaim arises out of the same charter party that is the

subject of plaintiff's claims.  Bryggen now moves for

countersecurity pursuant to Supplemental Rule E(7) in the amount

of $1,125,493.23.

Rule E(7) provides:

When a person who has given security for damages in
the original action asserts a counterclaim that arises
from the transaction or occurrence that is the subject
of the original action, a plaintiff for whose benefit
the security has been given must give security for
damages demanded in the counterclaim unless the court,
for cause shown, directs otherwise.

As the Court of Appeals has stated, "the trial court possesses

broad discretion in deciding whether to order countersecurity."

Result Shipping Co. v. Ferruzi Trading USA Inc., 56 F.3d 394,

399 (2d Cir. 1995).  The "two principles" that should guide the

exercise of this discretion are (1) the purpose of Rule E(7),

which is "to place the parties on an equality as regards

security," and (2) the countervailing need not to "impose

burdensome costs on a plaintiff that might prevent it from

bringing suit."  Id. at 399-400 (citation omitted).[1]

In its responsive papers, plaintiff states that as a

condition precedent to delivery of the vessel, it was required

to make a cash deposit of $500,000.00 to act as security for any

---

[1] It should also be noted that plaintiff, while challenging the
defendant's damages estimate as "speculative," does not assert
that defendant's counterclaim is frivolous.  Result Shipping
Co., 56 F.3d at 399.

future claims.[2]  Global argues that it provided the cash deposit

as part of an agreement that Bryggen would request no additional

guarantee from Global, and that Bryggen is, therefore, entitled

to no additional security in this matter.  In the alternative,

Global contends that Bryggen's damages estimate is unreliable

and that Bryggen should be limited to countersecurity totaling

$874,728.95 -- the amount of security given by Bryggen to

Global.[3]  Indeed, Global points out that the vessel is currently

on charter to a third party.  Bryggen opposes limiting its

countersecurity to the security that Global requested and

obtained, arguing that such an outcome would reward the

plaintiff for winning a "race to the courthouse."

　　Having considered the submissions of the parties, the

purposes of Rule E(7), and all relevant circumstances, it is

hereby

　　ORDERED that defendant's request for countersecurity is

granted in the amount of $874,728.95, inclusive of the balance

that is already being held by defendant in an interest bearing

account.

---

[2] The parties report that the deposit was made in an interest
bearing account, whose current balance is $551,881.02 plus
further interest accruing regularly.

[3] In its responsive papers, Global represents that, in an effort
to avoid this motion practice, it offered to provide additional
security to Bryggen, in excess of the amount already being held,
up to a total of $874,728.95.  Global's offer was refused.

IT IS FURTHER ORDERED that if plaintiff fails to provide such security within ten business days of this Order, the July 16, 2008, attachment issued in this matter will be vacated.

IT IS FURTHER ORDERED that the parties shall provide a status letter to the Court no later than **November 7, 2008,** unless a stipulation of dismissal is submitted before that date.

SO ORDERED:

Dated:    New York, New York
          October 22, 2008

                                _____
                                  DENISE COTE
                       United States District Judge